```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

STEPHANIE E. DIXON,              )
                                 )
         Plaintiff,              )
                                 )
v.                               )     Case No. CIV-14-340-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
         Defendant.              )

## OPINION AND ORDER

Plaintiff Stephanie E. Dixon (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 16, 1965 and was 47 years old at the time of the ALJ's decision. Claimant completed her high school education and three years of college. Claimant has worked in the past as a receptionist. Claimant alleges an inability to work beginning March 17, 2011 due to limitations resulting from neck pain radiating down her right leg and left side numbness.

### Procedural History

On April 19, 2011, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 17, 2012, Administrative Law Judge ("ALJ") James Bentley conducted a video hearing presiding from McAlester, Oklahoma while Claimant appeared in Poteau, Oklahoma. On January 11, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review of the ALJ's decision on June 26, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find Claimant's impairments met or equaled a listing; (2) failing to reach a proper RFC determination; and (3) reaching findings at step five which are not supported by the evidence. Claimant also requests that certain new evidence be added to the record and considered.

4

**Evaluation for a Listing**

In his decision, the ALJ found Claimant suffered from the severe impairments of radicular left trapezius arm pain, neck pain, post-cervical fusion at C5-6, degenerative disc disease at C4-5, and spondylosis, degenerative lumbar disc disease, and obesity. (Tr. 19). The ALJ determined Claimant retained the RFC to perform light work except Claimant would require a sit/stand option, could occasionally kneel, crouch, and crawl. Claimant should never be exposed to unprotected heights or hazardous machinery. She could perform only occasional reaching in all directions bilaterally and only occasional handling and fingering. (Tr. 19-20).

After consulting with a vocational expert, the ALJ determined that Claimant could perform the representative jobs of information clerk and surveillance system monitor, both of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 24). As a result, the ALJ determined Claimant was not under a disability from March 17, 2011 through the date of the decision. Id.

Claimant contends the ALJ did not properly evaluate whether she met or equaled a listing at step three. Specifically, Claimant asserts that she meets Listing § 1.04 for disorders of the spine. The ALJ found that Claimant did not meet this listing, determining that the medical evidence does not establish the requisite evidence

5

of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. He also stated that no evidence appeared in the record to indicate that Claimant's back condition resulted in an inability to ambulate effectively as required by Listing § 1.00(B)(2)(b). (Tr. 19).

The portion of Listing § 1.04 which is applicable in this case states:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> \* \* \*

At step three, Claimant bears the burden of demonstrating that her condition meets or equals all of the specified criteria of the particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

Nerve root compression was noted in Dr. Joseph W. Queeney's notes dated January 6, 2011. (Tr. 302). She also suffered from decreased range of motion of the spine, diminished reflexes, and positive straight leg raising in the supine position. (Tr. 302,

6

310, 313). The problem with the ALJ's conclusion is that he determined that no nerve root compression was present when the medical record supports its presence. This Court cannot, as Defendant suggests, continue through the listing analysis and ignore the ALJ's erroneous conclusion. Since he did not find that nerve compression was present, he made no findings about improvement with surgery or the existence of the condition for 12 months as Defendant seeks to have this Court conclude. As a result, the ALJ shall re-examine his findings on whether Claimant meets or equals Listing § 1.04 on remand.

**RFC Determination**

Claimant also states the ALJ's RFC evaluation ignores medical evidence which contradicts his conclusions. On December 10, 2012, Dr. Brandi Couthvey (or Guthrey, as Claimant's counsel refers to her in the briefing) completed a medical source statement. She determined Claimant could occasionally and frequently lift/carry less than 10 pounds; stand/walk less than 2 hours in an 8 hour workday; sit for less than about 6 hours in an 8 hour workday. She could never climb, kneel, crouch, or crawl. Claimant's manipulative functioning was limited "secondary to chronic neuropathy." (Tr. 379-81).

On September 8, 2011, Dr. Thomas Bonin performed a functional capacity assessment on Claimant. Claimant was limited to 7 pounds

of lifting/carrying and only occasional standing.  Dr. Bonin also recognized that Claimant's persistent pain would limit her ability to complete tasks.  (Tr. 356).  He limited Claimant to largely sedentary functions.  (Tr. 358).

Additionally, Dr. Queeney in his evaluation suspected Claimant suffered from myelomalacia which continued to cause her pain.  He did not believe this condition would improve.  (Tr. 305).

The ALJ omitted much of this evidence from his analysis or discounted its application.  In fact, a review of the ALJ's consideration of the medical opinion evidence demonstrates that he gave none of the opinions significant weight; rather, he did not state a weight for the opinion of Dr. Jimmie Taylor, a consultative examiner, gave Dr. James Metcalf's opinion "some weight", gave Dr. Couthey's opinion "little weight", gave Dr. Bonin's opinion "little weight", gave Suzan Abeyta, a physical therapist's opinion "little weight", and gave Claimant's attorney's brief "little weight". Very little opinion evidence remains after reduced weight was given to most of it.  On remand, the ALJ shall re-evaluate his RFC to ascertain whether additional restrictions should be imposed as a result of Claimant's continuing spinal problems.

### Step Five Analysis

Since the ALJ is required to reconsider his RFC assessment, he should also reformulate his hypothetical questioning of the

8

vocational expert to mirror his ultimate findings.

**Additional Evidence**

Since this case will be remanded for further consideration, the ALJ can assess whether the new evidence in the form of a new MRI should be considered as relating to the relevant period.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE